UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| RICHARD G. BURTON, | ) | |
|---|---|---|
| | ) | |
| Movant, | ) | |
| | ) | Case No. CV416-163 |
| v. | ) | CR408-006 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Richard G. Burton, convicted on June 26, 2008 of possessing child pornography in violation of 18 U.S.C. § 2252(a)(5)(B), doc. 39,[1] has filed a "Motion For Sentence Reduction And Vacatur Pursuant to § 2255(f)(3) -- *Johnson* Claim." Doc. 51. He argues that *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015) and *Welch v. United States*, ___U.S.___, 136 S. Ct. 1257 (2016), somehow apply to his case. The "residual clause" language of The Armed Career Criminal Act ("ACCA") that the *Johnson* Court found to be unconstitutionally vague, he contends, is the same as

---

[1] All citations are to the criminal docket in CR408-006 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

that found in 18 U.S.C. § 3156. Doc. 51 at 2, 4. He then plies a nonsensical argument to try and force-fit *Johnson* to a *non*-ACCA (in fact, child pornography) case. *Id.*

Burton's § 2255 motion is patently frivolous and thus must be **DENIED**. Meanwhile, it costs defendants nothing to file § 2255 motions (there is no filing fee in § 2255 cases), and Burton's casual consumption of judicial resources (he filed and then dismissed his own direct appeal) suggests that he may not be deterred from continuing to do so in the future. He faces sanctions[2] if he continues with such filings.

The Court also recommends denial of a certificate of appealability (COA). A federal prisoner must obtain a COA before appealing the

---

[2] *Miller v. Williams*, 2011 WL 1898921 at * 2 (S.D. Ga. May 17, 2011) (sanctioning abusive habeas filer, and citing, inter alia, *Alexander v. United States*, 121 F.3d 312, 315–16 (7th Cir. 1997) (imposing, inter alia, a $500 sanction on a *pro se* inmate raising frivolous arguments in support of a third successive 28 U.S.C. § 2255 motion and instituting "paper-less review" of any future collateral attack filings)), *adopted*, docs. 9 & 10 (S.D. Ga. Jun. 2, 2011); *United States v. Hall*, CV493-045 doc. 21 at 8-9 (S.D. Ga. Mar. 21, 2010) (imposing $200 sanction against serial habeas filer and instituting "paper-less review" of any future filings); *see also See Smith v. Fla. Dep't of Corr.*, 369 F. App'x 36, 40 (11th Cir. 2010) (injunction prohibiting state prisoner from filing *in forma pauperis* petitions in civil cases litigated in federal court was not overbroad, where prisoner was not prohibited from actions in which he paid the appropriate fees, from criminal cases or from litigating in state courts), *applied* to enjoin further habeas relitigation in *Harris v. St. Lawrence*, 2010 WL 4279534 at * 2 (S.D. Ga. Sep. 20, 2010), *adopted*, 2010 WL 4279524 (S.D. Ga. Oct. 25, 2010); *Capers v. Missouri*, 2011 WL 2600560 at * 2 (S.D. Ga. June 10, 2011) (dismissing a successive habeas petition where the petitioner "deceitfully advanced" it "via [a] lie of omission").

denial of his motion to vacate. The District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Applying the COA standards, set forth in *Brown v. United States*, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues regarding the instant motion, so no COA should issue. 28 U.S.C. 2253(c)(1); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case . . . no appeal would be warranted.").

**SO REPORTED AND RECOMMENDED,** this  30th   day of August, 2016.

                                                                  _/s/ G.R. Smith_____
                                                                  UNITED STATES MAGISTRATE JUDGE
                                                                  SOUTHERN DISTRICT OF GEORGIA